IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES L. COMPSTON,

    Plaintiff,

    v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Civil Action 2:10-cv-818
JUDGE GREGORY L. FROST
Magistrate Judge E.A. Preston Deavers

# ORDER

Plaintiff, James L. Compston, brings this action under 42 U.S.C. §§ 405(g) and 1383(c) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for social security disability insurance benefits.  This matter is before the Court for consideration of the Commissioner's July 29, 2011 Objections to the United States Magistrate Judge's July 18, 2011 Report and Recommendation.  (ECF No. 19.)  The Magistrate Judge recommended that the Court reverse the Commissioner's non-disability finding and remand the case to the Commissioner under Sentence Four of § 405(g).  For the reasons stated below, the Court **OVERRULES** the Commissioner's Objections, **ADOPTS** the Magistrate Judge's Report and Recommendation, **REVERSES** the Commissioner's non-disability finding, and **REMANDS** this case to the Commissioner under Sentence Four of § 405(g).

**I.**

Neither party objects to the Magistrate Judge's summary of the facts as set forth in her Report and Recommendation.  (Report and Rec. 2–14, ECF No. 18).  The Court consequently adopts the fact summary and repeats only those facts relevant to the resolution of the Commissioner's Objections.

Plaintiff, in his May 3, 2007 application for disability insurance benefits, alleged that he had been disabled since April 1, 2007, by reason of gastrointestinal ("GI") problems, severe abdominal pain, esophagus problems, reflux and digestion problems, high blood pressure and anxiety.  At a *de novo* hearing before the administrative law judge ("ALJ"), Plaintiff testified that his GI problem is his most significant medical issue.  He explained that his GI problems cause him to have many accidents, including chronic diarrhea anywhere from 15 to 25 times per day.  Plaintiff represented that in an eight-hour period, he must make 15 or more trips to the restroom.  He stated that when he feels the urge, he must go to the restroom quickly or he will have an accident.  Plaintiff added that when he makes these trips to the restroom, they are "not quick."  (R. at 21.)

Dr. Hartwick, Plaintiff's family practice physician from June 2006 through February 2009, treated Plaintiff approximately twenty-seven times for various issues, including chronic pain, diarrhea, anxiety, chronic pancreatitis and reflux, pneumonia, and right upper quadrant pain that radiated into his back. In May 2009, Dr. Hartwick completed a medical questionnaire on Plaintiff's behalf.  He opined that due to Plaintiff's numerous gastrointestinal impairments, he would need to take five or more restroom breaks during an eight-hour work day.  He added that this amount of restroom breaks would have been necessary since April 1, 2007.

In February 2009, Plaintiff reported to Dr. Stevens at the Cleveland Clinic with complaints of pain and diarrhea.  Dr. Stevens diagnosed moderate to severe gastritis.  In June 2008, Dr. Stevens completed a medical questionnaire wherein he opined that Plaintiff would need to take five or more restroom breaks during an eight-hour workday, and that Plaintiff would have needed this many restroom breaks since April 1, 2007.

The medical expert, Dr. Alexander, completed interrogatories in June 2009.  Relying on his paper review of the medical evidence, Dr. Alexander concluded that Plaintiff suffered from a number of impairments, including chronic gastritis due to bile reflux, irritable bowel syndrome, and intermittent constipation/diarrhea.  He opined that severe incapacitating diarrhea, which he defined as "15-20 bowel movements a day," was not objectively supported in the record given the absence of documentation of dehydration, malabsorption, celiac disease, inflammatory bowel disease, significant weight loss, or significant efforts by physicians to treat this condition. (R. at 493.)  He thus opined that the medical evidence did not support all of Plaintiff's allegations.  Dr. Alexander did, however, indicate that the medical evidence supported some of Plaintiff's allegations, citing, among other evidence, Plaintiff's "[f]luctuating weight gain and loss, then gain."  (R. at 494.)

At the hearing, the ALJ asked the vocational expert ("VE") a series of hypothetical questions for an individual with Plaintiff's vocational profile and a number of limitations, none of which concerned bathroom usage.  The VE concluded that the hypothetical individual could perform the requirements of representative occupations at the unskilled, light exertional level. The ALJ then asked the VE a second hypothetical based upon Plaintiff's testimony of needing to take 10-15 restroom breaks per workday.  The VE responded that there would be no jobs that the

individual could perform with "that many breaks." (R. at 32–33.) The ALJ did not elicit testimony from the VE regarding the number of restroom breaks that would render the hypothetical individual unemployable.

On August 7, 2009, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. At step two of the sequential evaluation process, the ALJ found that Plaintiff had a number of severe impairments, but he did not did not include gastritis, irritable bowel syndrome, or diarrhea. The ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform light work. The RFC contains no limitations relating to bathroom usage. In calculating Plaintiff's RFC, the ALJ considered Dr. Hartwick's opinion that Plaintiff would need to take five or more restroom breaks during an eight-hour workday. He accorded Dr. Hartwick's opinion "some weight in conjunction with the other relevant evidence to the extent that the claimant is precluded from job tasks beyond the light level of exertion." (R. at 52.) The ALJ did not explain why he assigned "some weight" to Dr. Hartwick's opinion. He did, however, note that "no treating or examining physician has opined the claimant has limitation that would preclude all work-related activities." (R. at 53.)

In July 2010, the Appeals Council denied Plaintiff's request for review, adopting the ALJ's decision as the Commissioner's final decision. Plaintiff then timely commenced the instant action. In his Statement of Errors, Plaintiff challenged the ALJ's decision on two grounds, the first being the ALJ purported failure to accord adequate weight to the opinions of his treating physicians. The Magistrate Judge found that the ALJ erred in failing to provide good reasons for the weight he accorded to Dr. Hartwick's opinion concerning Plaintiff's gastrointestinal impairments. She recommended remand on this basis, declining to analyze

Plaintiff's additional assignments of error.  In his Objections, the Commissioner challenges the Magistrate Judge's finding and asks the Court to reject her Report and Recommendation.

## II.

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).  Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

The Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'"  *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive.").  Put another way, a decision supported by substantial evidence is not subject to reversal, even if the reviewing court might arrive at a different conclusion.  *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).  "Substantial evidence exists when 'a reasonable mind could accept the evidence as adequate to support a conclusion [and] . . . presupposes that there is a zone of choice withing which the decision-makers can go either way, without interference by the courts.'"  *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (internal citation omitted).  Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'"

*Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

### III.

As set forth above, the Commissioner objects to the Magistrate Judge's finding that the ALJ erred in failing to give good reasons for the weight he assigned to Dr. Hartwick's opinion. Thus, the Court must decide whether the ALJ violated the good-reason rule with regard to Dr. Hartwick's opinion.

Generally, the ALJ will give controlling weight to the opinion of a treating physician if that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the claimant's] case record." 20 C.F.R. § 404.1527(d)(2). If the ALJ declines to afford a treating source's opinion controlling weight, the ALJ must apply the following factors in determining what weight to give the opinion: "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source." *Id*. The ALJ must "always give good reasons in [the ALJ's] notice of determination or decision for the weight [the ALJ] give[s] [the claimant's] treating source's opinion." 20 C.F.R. § 404.1527(d)(2). The ALJ's reasoning "must be sufficiently specific to make clear to any subsequent reviewer the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight. *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 550 (6th Cir. 2010).

In this case, it is clear that the ALJ violated the good-reason rule with regard to Dr. Hartwick's opinion. Within his summary of the medical record, the ALJ acknowledged Dr.

6

Hartwick's opinion that Plaintiff would need to take five or more restroom breaks during an eight-hour workday. He then lumped Dr. Hartwick in with a number of other medical sources and stated that: "I have considered the treatment records from [these sources] . . . and give them some weight in conjunction with other relevant evidence to the extent that the claimant is precluded from job tasks beyond the light level of exertion." (R. at 52.) The ALJ gives no reasons, let alone good reasons, for the weight he assigned Dr. Hartwick's opinion. Further, although the ALJ indicates that he assigned "some weight" to Dr. Hartwick's opinion, the ALJ's RFC contains no limitation concerning bathroom usage. Thus, it appears that the ALJ simply rejected Dr. Hartwick's opinion altogether without explanation.

The Commissioner incorrectly asserts that the ALJ advanced two reasons for the weight he assigned Dr. Hartwick's opinion. Specifically, the Commissioner asserts that "[t]he ALJ explained that he reasonably gave only some weight to the opinion of Dr. Hartwick because it was not supported by relevant evidence of record and because Dr. Hartwick never ultimately found Plaintiff unable to perform all work activities." (Def.'s Objections 2, ECF No. 19.)

As to the first of these purported reasons—supportability—although it may be that Dr. Hartwick's opinion is not supportable, the ALJ gave no such explanation for the weight he assigned.[1] Within the context of discussing Dr. Alexander's opinions, the ALJ parrots the opinion that "[s]evere incapacitating diarrhea, 15-20 bowel movements a day, is not supported in the record objectively . . . ." (R. at 51.) The ALJ does not, however, assert that Dr. Alexander's opinion is the basis for his rejection of Dr. Hartwick's opinion. Regardless, Dr. Alexander's

---

[1]To be clear, the Court is not passing on the supportability of Dr. Hartwick's opinion. Instead, the only issue before the Court at this juncture is whether the ALJ satisfied the good-reason rule with regards to Dr. Hartwick's opinion.

opinion supports rather than undermines Dr. Hartwick's opinion.  For example, Dr. Alexander opined that Plaintiff suffered from gastritis, irritable bowel syndrome, and intermittent constipation/diarrhea and concluded that the objective evidence *did* support some of Plaintiff's allegations.[2]  Beyond concluding that objective evidence did not support Plaintiff's allegations of 15-20 bowel movements a day, Dr. Alexander's opinion is silent as to the number of restroom breaks Plaintiff does need as a result of these impairments.

Likewise, the ALJ also did not "explain" that he rejected Dr. Hartwick's opinion because "Dr. Hartwick never ultimately found Plaintiff unable to perform all work activities."  (Def.'s Objections 2, ECF No. 19.)  What the ALJ did say is: "I also note that no treating or examining physician has opined the claimant has limitations that would preclude all work related activities."  (R. at 53.)  The ALJ's notation that no physician had rendered a contrarian opinion on the ultimate issue of disability is not a direct attack on Dr. Hartwick's opinion.  Regardless, Dr. Hartwick's failure to concurrently opine that the specific limitation of needing five restroom breaks in a workday renders Plaintiff disabled or incapable of performing all work-related functions is not a "good reason" for rejecting or discounting his opinion.

In sum, the Court finds that the ALJ violated the good-reason rule with regard to Dr. Hartwick's opinion.  The Magistrate Judge analyzed whether the ALJ's violation was harmless error and concluded it was not.[3]  (Report and Rec. 18–20, ECF No. 18.)  The Court agrees with

---

[2]Notably, although the ALJ assigned Dr. Alexander's opinion "determinative weight," in listing Plaintiff's severe impairments at step two of the sequential evaluation process, he did not include any of these three impairments.

[3]The Commissioner does not raise any objections to the Magistrate Judge's harmless error analysis and conclusion.

8

and adopts the Magistrate Judge's analysis and conclusion on this issue.  Thus, remand is warranted.

## IV.

The Court, having reviewed the record *de novo*, determines that the ALJ's failure to provide good reasons for the weight he accorded to Dr. Hartwick's opinion constitutes reversible error.  The Court therefore **OVERRULES** the Commissioner's Objections (ECF No. 19), **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 18), **REVERSES** the Commissioner's non-disability finding, and **REMANDS** this case to the Commissioner under Sentence Four of § 405(g).

    **IT IS SO ORDERED**.

                                  /s/ Gregory L. Frost
                                  GREGORY L. FROST
                                  UNITED STATES DISTRICT JUDGE